*810 TEXTO COMPLETO DE LA SENTENCIA
El 28 de diciembre de 2001, ESSROC San Juan, Inc. (en adelante ESSROC) presentó Solicitud de Revisión Administrativa y nos solicitó la revocación de la Resolución emitida el 19 de octubre de 2001, notificada el 24 de octubre de 2001, por la Administración de Reglamentos y Permisos (en adelante ARPE) en el caso de In Re: San Antonio Maritime Corrporation, Caso Número 01-PU2-0000-03642, sobre Solicitud de Permiso de Uso. Mediante dicha resolución, ARPE autorizó tanto la intervención solicitada por ESSROC como el permiso de uso solicitado por San Antonio Maritime Corporation (en adelante San Antonio Maritime) en el referido caso.
Por los fundamentos que expondremos, EXPEDIMOS el Auto de Revisión Administrativa solicitado y CONFIRMAMOS la Resolución recurrida.
I
El 24 de abril de 2000, San Antonio Maritime presentó ante ARPE una solicitud de permiso de construcción para construir en un solar arrendado a la Autoridad de los Puertos ciertas estructuras consistentes en tres silos para cargado de camiones a granel e instalación de romana de pesaje de camiones, edifico de ensacado, almacén y oficina ejecutiva. El 1 de mayo de 2000, ARPE expidió el permiso de construcción solicitado, permiso número 00CX2-00000-02102; sin embargo, el 15 de mayo de 2000, éste fue revocado temporalmente.
El 31 de mayo de 2000, ESSROC solicitó a ARPE intervenir en los procedimientos de concesión del permiso de construcción solicitado por San Antonio Maritime. También, ESSROC objetó la concesión del referido permiso porque ello estaría en abierta contravención con la Sección 3.09 (3) del Reglamento de Planificación Número 4. El 6 de julio de 2000, ARPE declaró No Ha Lugar la intervención solicitada por ESSROC y el 29 de agosto de 2000, ARPE expidió el permiso de construcción número 00CX2-00001-02102. Ese permiso de construcción validó y enmendó el permiso concedido anteriormente para la construcción de los cimientos del proyecto.
No conforme, el 5 de septiembre de 2000, ESSROC presentó Apelación ante la Junta de Apelaciones sobre Construcciones y Lotificaciones (en adelante JACL). En ésta, ESSROC solicitó la revocación del permiso de construcción así como autorización para intervenir en los procedimientos ante ARPE y la paralización urgente de dichos procedimientos. Tras varios incidentes procesales, el 9 de febrero de 2001, JACL emitió Resolución y devolvió el caso a ARPE para que ésta resolviera las solicitudes de intervención ante su consideración. Además, JACL canceló el permiso de construcción concedido a favor de San Antonio Maritime hasta que ARPE no resolviera las referidas solicitudes.
El 27 de febrero de 2001 y el 1 de marzo de 2001, respectivamente, San Antonio Maritime y ARPE solicitaron a JACL que reconsiderara la resolución emitida. El 9 de marzo de 2001, JACL acogió dichas reconsideraciones y el 28 de marzo de 2001, JACL declaró Ha Lugar las mismas. El 17 y 24 de abril de 2001, JACL celebró vistas públicas y luego de evaluar toda la prueba ante sí, el 17 de mayo de 2001, notificada el 25 de *811 mayo de 2001, emitió Resolución y confirmó el permiso de construcción expedido por ARPE a favor de San Antonio Maritime.
Así las cosas, el 7 de junio de 2001, ESSROC compareció ante este Tribunal mediante Solicitud de Revisión Administrativa Número KLRA01-00386 y nos solicitó la revocación del referido permiso de construcción. El 16 de agosto de 2001, San Antonio Maritime solicitó a ARPE el permiso de uso para el proyecto y el 29 de agosto de 2001, ESSROC presentó ante ARPE “Moción Solicitando Intervención y Oponiéndose a Solicitud de Permiso de Uso.” Específicamente, ESSROC alegó que “la legalidad de los permisos de construcción a base de los cuales se construyeron las edificaciones para las cuales se solicita el permiso de uso, está pendiente ante el Tribunal de Circuito de Apelaciones, y la resolución emitida por la Junta de Apelaciones declarando válidos dichos permisos de construcción no es final y firme.”
El 21 de septiembre de 2001, San Antonio Maritime presentó Contestación a Solicitud de Intervención y Otro Asunto. En la misma, San Antonio Maritime informó que estaba de acuerdo con la intervención solicitada por ESSROC, pero que éste “solamente puede lograr su propósito de privar a esta agencia de sus facultades para expedir el permiso solicitado, obteniendo del TCA uno de los remedios que provee el ordenamiento para ese fin: (1)la expedición de un auto de revisión, Misión Industrial v. Junta de Planificación y otros, 142 DPR 656, 678 (1997), ó (2) una orden de paralización en auxilio de jurisdicción de ese tribunal apelativo intermedio.”
El 4 de octubre de 2001 ESSROC presentó Oposición Parcial a Contestación a Solicitud de Intervención y el 19 de octubre de 2001, notificada el 24 de octubre de 2001, ARPE emitió Resolución mediante la cual autorizó la intervención solicitada por ESSROC y expidió el permiso de uso solicitado por San Antonio Maritime. En cuanto a la oposición de ESSROC, ARPE determinó que:

“(1) La construcción fue realizada luego de obtener un Permiso de ARPE.

(2) La Junta de Apelaciones sobre Construcciones y Lotificaciones determinó que los permisos de construcción eran válidos.

(3) El Honorable Tribunal de Circuito de Apelaciones no ha ordenado la paralización de los trámites en ARPE.” 

El 22 de octubre de 2001, ARPE expidió la Certificación del Permiso de Uso Número 01-PU2-00000-03642 y el 13 de noviembre de 2001, ESSROC presentó Moción de Reconsideración Parcial. También, el 4 de diciembre de 2001, ESSROC presentó “Moción Solicitando Orden en Auxilio de Jurisdicción” en el caso número KLRA01-00386 y solicitó a este Tribunal que ordenara a ARPE anular el permiso de uso expedido hasta tanto el referido caso fuera resuelto.
Como ARPE rechazó de plano la reconsideración solicitada por ESSROC en cuanto al permiso de uso expedido a favor de San Antonio Maritime, el 28 de diciembre de 2001, ESSROC compareció ante este Tribunal mediante Solicitud de Revisión Administrativa. En síntesis, ESSROC alegó que ARPE erró al expedir el permiso de uso solicitado por San Antonio Maritime porque según los términos de la resolución emitida por JACL para confirmar el permiso de construcción, éste aún no era final y firme y porque antes de expedir el permiso de uso, ARPE no brindó a ESSROC la oportunidad de participar activamente en el procedimiento.
ESSROC también alegó que “la Resolución emitida por la Junta el 25 de mayo de 2001 expresamente dispuso que “ARPE no podría expedir el correspondiente permiso hasta tanto la Resolución de la Junta adviniera final y firme”, que “siendo ello así, la decisión de ARPE de expedir el Permiso de Uso antes de que la Resolución de la Junta adviniese final y firme, y la justificación provista para ello, son contrarias a derecho” y que “en la medida en que ARPE ignoró dichos derechos procesales y autorizó y expidió el Permiso de Uso a puerta cerrada, sin *812 notificar a ESSROC al respecto y concederle una oportunidad formal de oponerse a la expedición del permiso de uso, la expedición del mismo constituyó una crasa violación al debido proceso de ley que convirtió el mismo en nulo.”
Además, cabe señalar que el 28 de diciembre de 2001, pero notificada el 10 de enero de 2002, este Tribunal emitió Resolución en el caso KLRA-01-00386 y denegó la expedición del recurso solicitado por ESSROC para revisar la validez del permiso de construcción concedido por JACL a favor de San Antonio Maritime. ESSROC solicitó la revisión de esa resolución ante el Tribunal Supremo, Caso Número CC-02-124, pero la misma fue declarada No Ha Lugar, así como dos mociones de reconsideración presentadas posteriormente.
Así las cosas, el 22 de enero de 2002, San Antonio Maritime nos solicitó la desestimación del presente recurso y el 11 de febrero de 2002, ESSROC presentó su oposición a dicha solicitud. El 28 de junio de 2002 emitimos Resolución Interlocutoria y declaramos No Ha Lugar la desestimación solicitada por San Antonio Maritime. Por ello, el 22 de agosto de 2002, San Antonio Maritime presentó Oposición a Solicitud de Revisión y solicitó la confirmación de la resolución recurrida.
San Antonio Maritime alegó que el presente recurso tenía planteamientos que ya eran académicos porque el permiso de construcción ya era final y firme, que “la peticionaria no ha citado, ni esta parte ha encontrado alguna disposición de ley o reglamento que prive a ARPE de su autoridad para expedir un permiso de uso porque el previo permiso de construcción, confirmado por JACL, es objeto de revisión judicial” y que “no es lógico que JACL confirme la validez de un permiso y simultáneamente suspenda su eficacia indefinidamente.”
También, San Antonio Maritime alegó que ESSROC “no ha sufrido violación alguna a su debido proceso ni se ha visto privada de una activa y efectiva participación en el proceso de concesión del permiso de uso” y que “la advertencia a los efectos de que la resolución no es un permiso de construcción y de que el concesionario debe obtener uno cuando la resolución advenga final y firme, trata evidentemente de una expresión de formulario que no afecta de forma alguna lo resuelto por la JACL, por no ser pertinente a una situación en la que JACL confirma un permiso de construcción ya expedido. ”
Por último, el 16 de septiembre de 2002, ESSROC presentó Réplica a la oposición de San Antonio Maritime y reafirmó sus reclamos de que el permiso de uso expedido por ARPE debía ser anulado. Al estar perfeccionado el recurso ante nuestra consideración, procedemos a resolver.
II
La intervención es “el mecanismo procesal para que una persona, que no fuere parte original en un procedimiento, pueda defenderse de la determinación administrativa, ” Ortiz v. Junta de Planificación, _ D.P.R. _ (2000), 2000 J.T.S. 151, página 122; Rivera Ramos v. Morales Blás, _ D.P.R. _ (1999), 99 J.T.S. 170, página 349; Asoc. Residentes v. Montebello Dev. Corp., 138 D.P.R. 412, 420 (1995).
Por su parte, la Sección 3.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. Sección 2155, permite que cualquier persona que tenga un interés legítimo en un procedimiento adjudicativo ante una agencia administrativa pueda solicitar a la misma su intervención en dicho procedimiento siempre que dicha solicitud sea por escrito y esté fundamentada, Rivera Ramos v. Morales Blás, supra, página 350.
Al conceder o denegar la referida solicitud, la agencia administrativa debe considerar los siguientes factores: (a) que el interés del peticionario pueda ser afectado adversamente por el procedimiento adjudicativo; (b) que no existan otros medios en derecho para que el peticionario pueda proteger adecuadamente su interés; (c) que el interés del peticionario ya esté representado adecuadamente por las partes en el procedimiento; (d) que la participación del peticionario pueda ayudar razonablemente a preparar un expediente más completo del procedimiento; (e) que la participación del peticionario pueda extender o dilatar excesivamente el *813 procedimiento; (f) que el peticionario represente o sea portavoz de otros grupos o entidades de la comunidad, y (g) que el peticionario pueda aportar información,. pericia, conocimientos especializados- o asesoramiento técnico que no estaría disponible de otro modo en el procedimiento, Sección 3.5 de la Ley. de .Procedimiento Administrativo Uniforme, supra; San Antonio Maritime v. Puerto Rican Cement Co., Inc., _ D.P.R. _ (2001), 2001 J.T.S. 20, página 858; Rivera Ramos v. Morales Blás, supra, página 350.
A su vez, la Sección 3.6 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. Sección 2156, establece que si la agencia administrativa decide denegar la solicitud de intervención, ésta viene obligada a notificar al peticionario su decisión, por escrito, y con los fundamentos de la misma. De ese modo, la revisión judicial de tal denegatoria queda facilitada. Municipio de San Juan v. Junta de Calidad Ambiental, _ D.P.R. _ (2000), 2000 J.T.S. 193, página 480.
No obstante, el silencio de la agencia administrativa ante una solicitud de intervención, po puede ser considerado como una aceptación de la misma. Por tal razón, si la agencia .decide aceptar Ja intervención solicitada, ésta también viene obligada a notificar la concesión de dicha solicitud. Sólo así, la otra parte en el caso estaría en posición de procurar la reconsideración correspondiente si así lo estima pertinente, Municipio de San Juan v. Junta de Calidad Ambiental, supra, páginas 480-481.
Por otro lado, la Regla 61 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Apéndice XXII-A, regula los efectos de la presentación de una solicitud de revisión administrativa. En lo pertinente, esa regla establece que la presentación de una solicitud de revisión administrativa no paraliza la implantación de una resolución o determinación de una agencia administrativa a menos que una parte lo solicite y el Tribunal lo estime conveniente. Dicha regla también establece que, de expedir la revisión administrativa solicitada, la implantación de la resolución o determinación recurrida queda suspendida, Misión Ind. P.R. v. J.P. y A.A.A., 142, D.P.R. 656, 679 (1997)
Además, la Regla 79 de nuestro Reglamento, supra, dispone que este Tribunal podrá expedir cualquier orden provisional para hacer efectiva su jurisdicción y que dichas órdenes estarán regidas por las disposiciones pertinentes de las Reglas de Procedimiento Civil, 32 L.P.R.A. Apéndice III, y del Código de Enjuiciamiento Civil, 32 L.P.R.A. Sección 1, et. seq., en lo que no fueren incompatibles, Misión Ind. P.R. v. J.P. y A.A.A, supra, página 679.
III
En el presente recurso, ESSROC alega que ARPE erró al expedir el permiso de uso solicitado por San Antonio Maritime porque según los términos de la resolución emitida por JACL para confirmar el permiso de construcción, éste aún no era final y firme y porque antes de expedir el permiso de uso, ARPE no brindó a ESSROC la oportunidad de participar activamente en el procedimiento. Sin embargo, de la aplicación de las normas anteriormente expuestas surge que dichos errores no fueron cometidos.
Si bien es cierto que en la página 15 de la Resolución emitida por JACL para confirmar el permiso de construcción expedido por ARPE a favor de San Antonio Maritime ésta expresó que “esta Resolución no constituye un permiso de construcción, por lo que la parte concesionaria del permiso deberá comparecer ante la Oficina Regional de la Administración de Reglamentos y Permisos de San Juan, la cual deberá expedir el correspondiente permiso una vez advenga final y firme,” también es cierto que esa advertencia debe ser considerada como una expresión pro forma incluida en la referida resolución por error porque la misma no es pertinente a la controversia resuelta por JACL dado que ésta lo que hizo con su determinación fue específicamente confirmar un permiso de construcción previamente expedido por ARPE.
Además, como bien expusiéramos anteriormente, la mera presentación de una solicitud de revisión administrativa no paraliza los efectos de la resolución o determinación recurrida y del análisis del expediente de *814 autos no surge que antes de que ARPE expidiera el permiso de uso solicitado por San Antonio Maritime, basado en la confirmación de JACL del permiso de construcción previamente expedido por ARPE, ESSROC solicitara a este Tribunal en el caso número KLRA-01-00386, el cual versaba sobre la validez del permiso de construcción, la paralización de los procedimientos en ARPE o en JACL.
En cuanto a la alegación de ESSROC de que ARPE no le brindó la oportunidad de participar activamente en los procedimientos de otorgación del permiso de uso expedido a favor de San Antonio Maritime, debemos señalar que del expediente de autos surge que ARPE sí consideró la solicitud de intervención de ESSROC y que ARPE autorizó la misma y notificó a ESSROC de su determinación. Contrario a lo alegado por ESSROC, cuando ésta solicitó a ARPE intervenir en los procedimientos, también expuso los fundamentos de su oposición al permiso de uso solicitado y, antes de emitir la resolución recurrida, ARPE consideró, ponderó y rechazó dichos fundamentos.
Por consiguiente, ARPE sí brindó a ESSROC la oportunidad de participar en los procedimientos y dado que la mera presentación de un recurso de revisión administrativa no paraliza los efectos de la resolución o determinación recurrida, además de que no existía una orden emitida por este Tribunal para paralizar los procedimientos en ARPE relacionados a la expedición del permiso de uso, procede confirmar la resolución recurrida.
IV
En virtud de los fundamentos anteriormente expuestos, EXPEDIMOS el Auto de Revisión Administrativa solicitado y CONFIRMAMOS la Resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIOS 2003 DTA 28
1. Apéndice de la Solicitud de Revisión Administrativa, a la página 31.
2. Apéndice de la Solicitud de Revisión Administrativa, a la página 15.